**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00110-APG-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| PHILLIP D. HURBACE, et al., | |
| Defendants. | |

Before the court is defendant Phillip Hurbace's motion to sever counts and co-defendants (ECF No. 94), filed October 19, 2018, the government's response (ECF No. 100), filed November 8, 2018, and Hurbace's sealed reply (ECF No. 104), filed November 16, 2018.

Also before the court is defendant Sylviane Whitmore's sealed motion to sever trial with co-defendants (ECF No. 93), filed October 19, 2018, the government's sealed response (ECF No. 99), filed November 8, 2018, and Whitmore's sealed reply (ECF No. 106), filed November 21, 2018.[1]

Also before the court is Whitmore's motion to join Hurbace's motion to sever (ECF No. 109), filed November 21, 2018.

The government alleges, in a 33-count indictment, that defendants Hurbace, Larry Anthony McDaniel, and Whitmore all worked together at Sovereign Security Systems (doing business as 24/7 Private Vaults), a business that promised their anonymous customers a safe place

---

[1] It is unclear to the court why the briefs on Whitmore's motion to sever are filed under seal. The court therefore will require the parties to show cause why the briefs should not be unsealed within 21 days from the date of this order per Local Rule IA 10-5(b). If the parties do not show cause why the briefs should remain under seal, the court will unseal them without further notice.

to store their valuables. Whitmore is charged with breaking into 24/7 Private Vaults on two occasions and stealing valuables from customers' safes and vaults. The remaining counts against the co-defendants flow from their laundering of proceeds from those crimes or their transporting those proceeds across state lines. Relevant to these motions, the indictment charges Hurbace and Whitmore with conspiracy to interfere with commerce by robbery (Count 1), and interference with commerce by robbery and aiding and abetting (Count 2). Hurbace is also charged with interstate transportation of stolen property ($141,636.95) (Count 3); interstate transportation of stolen property (Roger Dubois watch) (Count 4); and money laundering ($141,636.95 payment to Cal-Sierra Title Company) (Count 5). Superseding Indictment (ECF No. 8). Hurbace moves to sever the counts against him, and Whitmore and Hurbace (through separate motions to sever) ask this court to hold separate trials on the counts in this case.

**A. Joinder of offenses**

Hurbace argues that the offenses against him should be severed because there is no connection between the Counts 1 and 2, and Counts 3, 4, and 5. The government responds that they are connected because they are all part of a common plan or scheme.

Federal Rule of Criminal Procedure 8(a) allows joinder of offenses if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." "Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007). In deciding whether offenses are part of a common plan or scheme, courts ask whether "commission of one of the offenses either depended upon or necessarily led to the commission of the other; proof of the one act either constituted or depended upon proof of the other." *Id.*, at 574.

Hurbace argues that the indictment itself does not contain allegations which connect the offenses, in other words, that the robbery did not yield the money or watch. Hurbace also argues that if he testifies as to one count, he runs the risk of the jury being influenced as to the others, thus creating a situation in which he is practically compelled to testify and submit to cross-examination. The government argues that, read as a whole, there is a clear connection between

all of the counts against Hurbace: Counts 1 and 2 allege that on April 14, 2012, Hurbace and Whitmore, an employee of 24/7 Private Vaults, in violation of 18 U.S.C. § 1951, unlawfully took currency, gold, silver, and platinum coins, jewelry, and watches from 24/7 Private Vaults. Counts 3 and 4 then allege that sometime on or after April 14, 2012 (the day of the § 1951 violation in Count 2), Hurbace transported $141,636.95 of stolen U.S. currency (Count 3) and a stolen watch (Count 4) across state lines. Both U.S. currency and watches are identified as the type of goods stolen during the robbery charged in Count 2. Count 5 charges Hurbace with committing money laundering by making a payment of $141,636.95 cash taken during a violation of § 1951 (the same statute charged in Count 2). The date of the payment is June 27, 2012, which matches the last day in the window of time Hurbace is alleged to have possibly transported the stolen cash identified in Count 3. The court agrees that, because of the common dates, cash amount, and references to a watch and the same statute, counts 1 to 5 appear to be sufficiently connected as a common scheme or plan to justify joinder. As to Hurbace's concern that he runs the risk of an adverse inference by the jury if he only testifies on some of the charges against him, all defendants face the same dilemma in a multi-count case. Hurbace is not entitled to severance under these circumstances.

**B. Joinder of defendants**

Hurbace argues that, although counts 1 and 2 connect him and Whitmore, there is no connection between him and other defendants in the remaining counts. Even if there is a connection, however, Hurbace also argues that severance is appropriate because there is a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. Similarly, Whitmore argues that a jury could find her guilty by association with the other defendants, and that her defenses present a mutually exclusive defense, and therefore severance is appropriate.

Federal Rule of Criminal Procedure 8(b) allows the joinder of defendants "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 8 is construed broadly in favor of initial joinder. *United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir.

1994) (citations omitted). "Generally, defendants who are indicted together in federal court should be jointly tried." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991) (citation omitted). "Joinder is favored in federal criminal cases largely for reasons of judicial economy and efficiency, despite some degree of bias inherent in joint trials." *Id.* (citations omitted).

Rule 14 provides relief from joinder of defendants under Rule 8(b) through severance. Fed. R. Crim. P. 14(a). To warrant severance, the defendant bears the heavy burden of demonstrating that "a joint trial is so manifestly prejudicial that the trial judge is required to exercise his or her discretion in only one way—by severing the trial." *United States v. Castro*, 887 F.2d 988, 996 (9th Cir. 1989) (citation omitted). "A defendant must show clear, manifest or undue prejudice and violation of a substantive right resulting from the failure to sever." *Id.* (citation omitted). "The test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981) (citing *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)). "[A] joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004). Further, "[j]oinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence." *United States v. Golb*, 69 F.3d 1417, 1425 (9th Cir. 1995) (citations omitted).

*1. Right to confrontation*

Citing *Bruton v. United States*, 391 U.S. 123 (1968), Hurbace argues that failure to sever will compromise his rights to confront and cross examine witnesses because co-defendants' admissions by Whitmore and McDaniels will be used against him, and he will have no ability to confront and cross-examine them. Similarly, Whitmore argues that statements by McDaniels will violate her right to confrontation. The government responds that it is well aware of, and will comply with, its obligations under *Bruton*. It asserts that it could decline to use the statement in its case in chief, or call a witness who can discuss the statement without mentioning other

defendants, or it could admit a version that redacts references to other defendants and request a limiting instruction. The court agrees that a proper redaction to eliminate reference to Hurbace in Whitmore's statement, and Whitmore in McDaniel's statement, will ensure that the Confrontation Clause is not violated. *See Richardson v. Marsh*, 481 U.S. 200, 211 (U.S. 1987) ("We hold that the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.").

Accordingly, the court finds that Hurbace has not met his high burden of demonstrating that severance is warranted based on potential *Bruton* issues.

### 2. *Cumulative effect*

Hurbace argues that severance is appropriate because the evidence in this case is much stronger against his co-defendants than it is against him. He argues that there is weak evidence of his involvement in the 2012 robbery, or that he used stolen money to buy his house, or that the watch was stolen from 24/7 Private Vault in April 2012. On the other hand, he argues that the evidence against Whitmore and McDaniels is strong, including admissions and extensive financial records illustrating money laundering. He argues that there is grave danger that the evidence against co-defendants will cumulate and reinforce an inference of guilt. Similarly, Whitmore argues that it will be difficult for the jury to compartmentalize the evidence as to each defendant. The government responds that the evidence against co-defendants is strong, and that the jury will be able to follow the court's instructions to compartmentalize evidence and made a proper determination.

It is, of course, possible that the evidence is stronger against one of more of the co-defendants. However, that fact, standing alone, is not sufficient to justify severance. *See United States v. Matta-Ballasteros*, 71 F.3d 754, 771 (9th Cir. 1995) (*quoting United States v. Polizzi*, 801 F.2d 1543, 1554 (9th Cir. 1986) ("The mere fact that there may be more incriminating evidence against one codefendant than another does not provide a sufficient justification for separate trials."). Rather, the focus is on "whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in the light of its volume and

limited admissibility." *United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983) (citations omitted). "The prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge." *United States v. Hernandez*, 952 F.2d 1110, 1116 (9th Cir. 1991) (*quoting United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980)). "A defendant seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." United States v. Hanley, 190 F.3d 1017, 1027 (9th Cir. 1999), superseded on other grounds by regulation.

Here, there is nothing to suggest that the potential prejudice identified by Hurbace and Whitmore cannot be cured by a limiting instruction. The case is not complex, as it involves only two thefts and the disposition of the proceeds, and jurors, conscious of their obligations, are presumed to be able to follow the court's instructions. *See, Parker v. Randolph*, 442 U.S. 62, 75 n.7 (1979) ("The "rule"—indeed, the premise upon which the system of jury trials functions under the American judicial system—is that juries can be trusted to follow the trial court's instructions.").

*3. Mutual exclusive defenses*

Hurbace also argues that he and his co-defendants have mutually exclusive defenses because they will each argue that the other is responsible, and therefore, conviction of a defendant is inevitable. Whitmore first argues that her defense at trial is innocence, and that the statements of McDaniels accusing Whitmore of the thefts will violate her rights to confront the witnesses against her. The government responds that McDaniels and Whitmore have already admitted that they, too, stole from 24/7, and so they accepted responsibility as well as identifying Hurbace as someone who helped them.

"Mutually exclusive defenses are said to exist when acquittal of one codefendant would necessarily call for the conviction of another." *Collins v. Runnels*, 603 F.3d 1127, 1131 n.2 (9th Cir. 2010) (*quoting Tootick*, 952 F.2d at 1081). A defendant requesting severance on mutually antagonistic defenses "must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that acceptance of the codefendant's theory by the jury precludes

acquittal of the defendant." *United States v. Rashkovski*, 301 F.3d 1133, 1138 (9th Cir. 2002) (quoting *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996)). "'[M]utually antagonistic' or 'irreconcilable' defenses may be so prejudicial as to mandate severance." *Zafiro v. United States*, 506 U.S. 534, 538 (1993) (citations omitted).

Hurbace has failed to show how his individual theory of defense, which is that he did not participate in the 2012 robbery, with an exculpatory explanation for the possession of the possibly stolen property, would be so irreconcilable with Whitmore's theories as to preclude a jury from deciding guilt or innocence if both defenses were presented in a joint trial. Whitmore's admission that she stole in the past does not necessarily lead to the conclusion that another codefendant is also guilty.

Whitmore states in her reply and joinder to Hurbace's motion to sever, for the first time, that her defense will be that Hurbace manipulated her and emotionally controlled her to gain access to 24/7 Private Vaults. Whitmore apparently will blame Hurbace for her involvement in prior uncharged thefts at 24/7 Private Vaults. But she will need to testify in order to do so, and so Hurbace will be able to confront her on that claim. But Hurbace can still deny culpability for the robbery, as does Whitmore, and innocently explain the possession of possible stolen property. Because a third party could have committed the 2012 theft, Hurbace's acquittal does not call for Whitmore's conviction, and Whitmore's acquittal does not require Hurbace's conviction. For these reasons, the defenses are not mutually exclusive.

Based on the foregoing, the court finds that Defendant has not met the "heavy burden" of demonstrating that joinder is so manifestly prejudicial that severance is required. Accordingly,

IT IS HEREBY ORDERED that defendant Phillip Hurbace's motion to sever counts and co-defendants (ECF No. 94) is DENIED.

IT IS FURTHER ORDERED that defendant Sylviane Whitmore's motion to sever trial with co-defendants (ECF No. 93) is DENIED.

IT IS FURTHER ORDERED that defendant Whitmore's motion to join Hurbace's motion to sever (ECF No. 109) is GRANTED.

IT IS FURTHER ORDERED that within 21 days from this order, the parties must show cause why the briefs at ECF Nos. 93, 99, and 106 should not be unsealed. Failure to comply with this order will result in the unsealing of the briefs without further notice.

DATED: January 24, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE