**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00110-APG-CWH |
|---|---|
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| PHILLIP D. HURBACE, et al., | |
| Defendants. | |

Presently before the court is the United States of America's Motion for an Interlocutory Order of Sale of the Property and Order (ECF No. 113), filed on February 8, 2019. Defendant Sylviane Della Whitmore filed a response (ECF No. 120) on February 20, 2019. Defendants Phillip D. Hurbace and Larry Anthony McDaniel did not respond to the motion. The government filed a reply (ECF No. 125) on March 29, 2019.

**I.    BACKGROUND**

The parties are familiar with the facts of this case and the court will not repeat them here except where necessary. The government moves for an order authorizing an interlocutory sale of a 2010 gold convertible two-door Jaguar XK. The government seized the car from McDaniel on March 21, 2016. (Lowe Aff. (ECF No. 113-1) at ¶ 2.) The car most recently appraised for $16,537. (*Id.* at ¶ 3.) Each month, the government spends approximately $401.07 to store and maintain the car. (*Id.* at ¶ 4.) As of February 14, 2019, the government had spent approximately $14,839.78 on storage and maintenance. (*Id.* at ¶ 5.) Defendants' trial is currently set for November 18, 2019. (Order (ECF No. 119).) The government argues that if it waits until a final order of forfeiture, storage and maintenance costs will exceed the car's value.

Whitmore responds that the government has not met its burden of justifying the request for the sale, arguing the government does not provide evidence the car is depreciating or otherwise deteriorating.  Whitmore argues that given the upcoming trial date, the continued storage costs are negligible in relation to the costs incurred to date.  Whitmore also argues it is the government's fault it has incurred the storage and maintenance costs.

The government replies that Whitmore lacks standing to oppose the interlocutory sale because she has no property interest in the car and therefore will not suffer an actual or imminent injury from its sale.  The government provides documentation from the Nevada Department of Motor Vehicles indicating the car's title and registration are in McDaniels' name.  (Reply, Ex. 3 (ECF No. 125-1).)  The government further replies that the expense of maintaining and storing the car is disproportionate to its value and there is no guarantee the trial will occur as scheduled.  Finally, the government states that defendants requested four of the six extensions in this case and that the other two were requested by all parties.

## II.   ANALYSIS

"At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable."  Fed. R. Crim. P. 32.2(b)(7).  Under Supplemental Rule G(7),

> the court may order all or part of the property sold if: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Fed. R. Civ. P., Supp. Rule G(7)(b)(i).  It is within the court's discretion whether to order the interlocutory sale of property subject to forfeiture.  *United States v. Hall*, 877 F.3d 676, 680 (6th Cir. 2017).

Here, the government demonstrates the expense of storing and maintaining the car is disproportionate to its appraised value, thereby satisfying Rule G(7)(b)(i)(B).  Specifically, the government provides an affidavit indicating that as of February 14, 2019, it had spent

approximately $14,839.78 on storage and maintenance for a car valued at $16,537.  Further, as the government represents in its reply, "[i]f allowed to continue to accrue fees through November 18, 2019 (the current trial date), the government will accrue an additional $3,609.63 ($401.07/month for nine months) for an approximate total of $18,449.41 in fees for a vehicle appraised at $16,537."  (Reply (ECF No. 125) at 13:4-7.)  Thus, the value of the car is disproportional to the maintenance and storage charges.  Costs will continue to increase as the current trial setting is more than seven months away and will soon exceed the car's value.  The court therefore concludes that the expense of keeping the car is excessive and disproportionate to the car's value.

Neither McDaniel nor Hurbace opposed the motion, which constitutes a consent to the granting of the motion under Local Criminal Rule 47-3.  Although Whitmore opposed the motion, she does not articulate her property interest in the car or how she will be harmed by the sale.  She therefore does not satisfy Article III's standing requirement.  *See Hall*, 877 F.3d 676, 681 (6th Cir. 2017) ("Article III standing requires a party invoking federal jurisdiction to demonstrate that it has suffered an injury in fact . . . which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." (quotation omitted)).  Given that the government has met its burden of demonstrating the expense of storing and maintaining the car is disproportionate to its appraised value and that Hurbace does not oppose the motion, the court will recommend the entry an interlocutory order of sale.

### III.   RECOMMENDATION

IT IS RECOMMENDED that the United States of America's Motion for an Interlocutory Order of Sale of the Property and Order (ECF No. 113) be GRANTED.

IT IS FURTHER RECOMMENDED that the court enter an interlocutory order of sale for the 2010 gold convertible two-door Jaguar XK bearing VIN SAJWA4GB6ALB35199.

### IV.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being

1 | served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely
2 | objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d
3 | 1153, 1157 (9th Cir. 1991).

5 |     DATED: April 10, 2019

                                                                                                     _____
                                                                                                     C.W. HOFFMAN, JR.
                                                                                                     UNITED STATES MAGISTRATE JUDGE