JASON M. FRIERSON
United States Attorney
Nevada Bar Number 7709
RICHARD ANTHONY LOPEZ
MINA CHANG
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336 / Fax: 702.388.6418
tony.lopez@usdoj.gov
mina.chang@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00110-APG-DJA |
| Plaintiff, | **Stipulation to Set a Supplemental Briefing Schedule and Hearing on Forfeiture and to Continue Sentencing** |
| v. | **(Fifth Request)** |
| PHILLIP D. HURBACE et al., | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, through Richard Anthony Lopez and Mina Chang, Assistant United States Attorneys, counsel for the United States of America, Osvaldo E. Fumo, Esq., counsel for defendant Phillip D. Hurbace, Lisa A. Rasmussen, Esq., counsel for defendant Sylviane Della Whitmore, and Daniel Hill, Esq., counsel for defendant Larry Anthony McDaniel, that:

1. The Court set the following supplemental briefing schedule to allow the parties to address the impact of the government's motion to dismiss (filed at ECF 303) on forfeiture:

    a. The government must file a Supplement to its Motion for Entry of Forfeiture Order (at ECF 232) on or before April 14, 2023;

1         b.      Defendants must file any responses to that Supplement on or before May 15, 2023; and

        c.      The government must file any reply to defendants' responses on or before May 22, 2023.

2.      The Court schedule a forfeiture hearing for a date convenient to the Court after the supplemental briefing has concluded; and

3.      The Court continue the sentencing hearings in this case to a date no earlier than 45 days from the date of the forfeiture hearing.

This Stipulation is entered into for the following reasons:

1.      Because the parties agreed for the Court to decide the issue of forfeiture in this case, on June 30, 2021, the Court ordered a briefing schedule on forfeiture. (ECF 219.) Pursuant to that order, the government filed a Motion for Entry of Forfeiture Order (ECF 232), the defendants filed responses (ECF 235-237), and the government filed its reply (ECF 238).

2.      After briefing on forfeiture was complete, the Court granted in part defendants Whitmore and McDaniel's motion for a new trial, vacating their convictions on Counts 8, 13-21, and 26-27. (ECF 246, 247.)

3.      The government has declined to pursue an appeal of that order (ECF 302) and has moved to dismiss the relevant counts (ECF 303) eliminating the need for a new trial.

4.      Supplemental briefing on the issue of forfeiture is now necessary to address the impact of the change in the counts of conviction for defendants Whitmore and McDaniel on the scope of forfeiture the government may seek and its authority to do so.

5.      Pursuant to Federal Rule of Criminal Procedure 32.2(b)(1)(B), because forfeiture is contested in this case, the Court must hold a hearing to determine what property is subject to

forfeiture. For this reason, the parties request that the Court schedule a forfeiture hearing for a date convenient to the Court after the conclusion of the supplemental briefing.

6. After that hearing, the Court "must promptly enter a preliminary order of forfeiture" under Rule 32.2(b)(2)(A). The court "must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant[s]" at sentencing. *See* Fed. R. Crim. P. 32.2(b)(2)(B), (b)(4)(A). For this reason, the parties request that the Court schedule sentencing for no earlier than 45 days after the forfeiture hearing.

7. This continuance is not sought for purposes of delay, but to (a) provide the parties the opportunity to brief the Court on the current status of forfeiture in light of the dismissal of certain counts; and (b) comply with the procedural provisions of Federal Rule of Criminal Procedure 32.2 regarding the potential imposition of forfeiture orders in this case.

8. For the reasons stated above, the ends of justice would best be served by a continuance of the deadline. Denial of this request for continuance of the deadline could result in a miscarriage of justice.

9. Defendants are out of custody and do not object to the request for continuance.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3

10. This is the fifth request for a continuance of the sentencing dates.

DATED this 5th day of April, 2023.

                                                Respectfully submitted,

                                                JASON M. FRIERSON
                                                United States Attorney

| | |
|---|---|
| */s/ Osvaldo E. Fumo* | */s/ Richard Anthony Lopez* |
| OSVALDO E. FUMO, ESQ. | RICHARD ANTHONY LOPEZ |
| Counsel for Defendant HURBACE | MINA CHANG |
| | Assistant United States Attorneys |
| | |
| */s/ Daniel Hill* | */s/ Lisa A. Rasmussen* |
| DANIEL HILL, ESQ. | LISA A. RASMUSSEN, ESQ. |
| Counsel for Defendant MCDANIEL | Counsel for Defendant WHITMORE |

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP D. HURBACE et al.,<br><br>Defendants. | Case No. 2:17-cr-00110-APG-DJA<br><br>**Order Granting Stipulation to Set a Supplemental Briefing Schedule and Hearing on Forfeiture and to Continue Sentencing (Fifth Request)** |

Based on the parties' stipulation to set a supplemental briefing schedule and hearing on forfeiture and to continue sentencing, and good cause appearing therefore, the Court hereby finds that:

1. Because the parties agreed for the Court to decide the issue of forfeiture in this case, on June 30, 2021, the Court ordered a briefing schedule on forfeiture. (ECF 219.) Pursuant to that order, the government filed a Motion for Entry of Forfeiture Order (ECF 232), the defendants filed responses (ECF 235-237), and the government filed its reply (ECF 238).

2. After briefing on forfeiture was complete, the Court granted in part defendants Whitmore and McDaniel's motion for a new trial, vacating their convictions on Counts 8, 13-21, and 26-27. (ECF 246, 247.)

3. The government has declined to pursue an appeal of that order (ECF 302) and has moved to dismiss the relevant counts (ECF 303) eliminating the need for a new trial.

4. Supplemental briefing on the issue of forfeiture is now necessary to address the impact of the change in the counts of conviction for defendants Whitmore and McDaniel on the scope of forfeiture the government may seek and its authority to do so.

5. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(1)(B), because forfeiture is contested in this case, the Court must hold a hearing to determine what property is subject to

5

forfeiture. For this reason, the parties request that the Court schedule a forfeiture hearing for a date convenient to the Court after the conclusion of the supplemental briefing.

6. After that hearing, the Court "must promptly enter a preliminary order of forfeiture" under Rule 32.2(b)(2)(A). The court "must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant[s]" at sentencing. *See* Fed. R. Crim. P. 32.2(b)(2)(B), (b)(4)(A). For this reason, the parties request that the Court schedule sentencing for no earlier than 45 days after the forfeiture hearing.

7. This continuance is not sought for purposes of delay, but to (a) provide the parties the opportunity to brief the Court on the current status of forfeiture in light of the dismissal of certain counts; and (b) comply with the procedural provisions of Federal Rule of Criminal Procedure 32.2 regarding the potential imposition of forfeiture orders in this case.

8. For the reasons stated above, the ends of justice would best be served by a continuance of the deadline. Denial of this request for continuance of the deadline could result in a miscarriage of justice.

9. Defendants are out of custody and do not object to the request for continuance.

10. This is the fifth request for a continuance of the sentencing dates.

## ORDER

**IT IS HEREBY ORDERED** that the deadline for the government to file a Supplement to its Motion for Entry of Forfeiture Order is April 14, 2023;

**IT IS FURTHER ORDERED** that the deadline for defendants to file any responses to that Supplement is May 15, 2023;

**IT IS FURTHER ORDERED** that the deadline for the government to file any reply to those responses May 22, 2023;

**IT IS FURTHER ORDERED** that a forfeiture hearing is scheduled for June 22, 2023 at 9:00 a.m. in Courtroom 6C; and

**IT IS FURTHER ORDERED** that the sentencing hearings currently scheduled for April 20, 2023, at 9:00 a.m., 1:30 p.m., and 2:30 p.m., are hereby reset to:

    1:30 p.m. on _____July 27_____, 2023, for Philip D. Hurbace;

    9:00 a.m. on _____July 27_____, 2023, for Larry Anthony McDaniel; and

    10:00 a.m. on _____July 27_____, 2023, for Sylviane Della Whitmore;

all in Courtroom 6C.

DATED: April 6, 2023

_____
HON. ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE