**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff

v.

PHILLIP D. HURBACE, et al.,

Defendants

Case No.: 2:17-cr-00110-APG-DJA

**Preliminary Forfeiture Order as to Defendant Phillip D. Hurbace**

[ECF No. 232]

A jury convicted Phillip Hurbace of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951 (Count 1), interference with commerce by robbery in violation of 18 U.S.C. § 1951 (Count 2), and interstate transportation of stolen property in violation of 18 U.S.C. § 2314 (Count 4). ECF Nos. 8; 225. The United States seeks a criminal forfeiture money judgment of $486,636.95 against Hurbace. Because the government has shown a nexus between Hurbace's crimes and $136,636.95, I order a money judgment against him in that amount.

## I. BACKGROUND

Hurbace was convicted of the 2012 robbery of 24/7 Private Vaults (24/7), which was a Las Vegas storage company. The government argues that a unique Roger Dubuis watch—which was stolen during the robbery and which Hurbace was convicted of transporting in Count 4—is a forfeitable proceed of his conviction. The government contends that while the watch was eventually returned to its owner, I should include its $345,000 value in any money judgment.

The government also argues that an additional $141,636.95 is forfeitable because Hurbace obtained those funds from the robbery and subsequently used them to purchase real property in California. While the jury acquitted Hurbace of money laundering and interstate transportation of stolen property based on the $141,636.95, the government argues that for

forfeiture purposes it nonetheless has shown that those funds were stolen because of the temporal proximity between the robbery (in April 2012) and Hurbace's cash purchase of the property (in June 2012).

Hurbace opposes forfeiture, arguing that a $345,000 money judgment for the watch is excessive because he never sold it and it was eventually returned to its owner. He also objects to the $141,636.95 portion of the money judgment because the jury acquitted him on charges related to using those funds to purchase the California property. Finally, he maintains that the government never refuted his ex-wife's testimony that she loaned him $5,000 in legitimate funds to purchase the property.

## II. ANALYSIS

"As soon as practical after a verdict . . . the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). The government bears the burden of proving, by a preponderance of the evidence, a nexus between the property sought and the crime. *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1149 (9th Cir. 2011). Under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), I must order criminal forfeiture of any property, real or personal, constituting or derived from proceeds traceable to Hurbace's crimes. *See* 18 U.S.C. §§ 1956(c)(7), 1961(1)(B) ("specified unlawful activity" in § 981(a)(1)(C) includes Hurbace's crimes). "Proceeds" is defined as "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense." 18 U.S.C. § 981(a)(2)(A). I may order an in personam money judgment as forfeiture. *United States v. Newman*, 659 F.3d 1235, 1242 (9th Cir. 2011), *abrogated on other grounds by Honeycutt v. United States*, 581 U.S. 443 (2017).

1. Roger Dubuis Watch

I deny the government's request for a $345,000 money judgment as forfeiture of the value of the Roger Dubuis watch. The government's briefing does not adequately address why it can obtain a $345,000 money judgment based on the value of the watch where there is no evidence that Hurbace derived $345,000 in proceeds from it. Under § 981, I can order forfeiture only of proceeds of the offense. The "proceeds" is the watch, not $345,000.

The government cites no authority for the proposition that it can utilize the normal forfeiture process to obtain a money judgment for the value of proceeds rather than forfeiture of the actual proceeds. It appears $345,000 could be forfeitable "substitute property" under 21 U.S.C. § 853(p), which permits the forfeiture of substitute property if proceeds of a crime are unavailable. But the government seeks $345,000 via the forfeiture provisions of 18 U.S.C. § 981, not 21 U.S.C. § 853(p). The Ninth Circuit has not directly addressed whether, outside of § 853(p), the government may obtain a money judgment for the value of a stolen item. In *Newman*, it held that § 853(p) does not apply where the government seeks only a money judgment. 659 F.3d at 1242-43. But in that case, the forfeitable proceeds of the defendants' crimes included only money: the government sought cash proceeds of one defendant's bank robberies and the other defendant's fraudulently obtained loans. Contrary to that case, there is no evidence Hurbace derived cash proceeds from the watch. And the Ninth Circuit has affirmed money judgments as substitutes for unavailable forfeitable property under § 853(p). *See, e.g.*, *United States v. Soto*, 915 F.3d 675, 679-80 (9th Cir. 2019) (affirming forfeiture order of money judgment as substitute property for smuggled ammunition, where ammunition was not available for forfeiture); *United States v. Valdez*, 911 F.3d 960, 964-67 (9th Cir. 2018) (same).

Other circuit courts are split on whether, outside of § 853(p), a district court may order a money judgment for the value of proceeds in lieu of the actual proceeds. *Compare United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011) (money is not forfeitable "proceeds" of an offense if defendant never sold tainted property), *with United States v. Channon*, 973 F.3d 1105, 1108 (10th Cir. 2020) ("a district court may base a judgment's forfeiture amount on the value of the fraudulently obtained merchandise at the time a defendant acquired it"); *see also Channon*, 973 F.3d at 1122-26 (Briscoe, J., dissenting) (arguing majority deviated from text of forfeiture statutes by allowing forfeiture of cash value of proceeds, rather than actual proceeds).

Given that § 981(a)(2)(A) clearly defines proceeds as property "obtained" by a defendant, I construe the statute to permit forfeiture of the watch and a money judgment in the amount of cash Hurbace actually obtained. The Ninth Circuit's holdings in *Soto* and *Valdez* indirectly support this conclusion. If the government seeks forfeiture of cash where the proceeds of an offense included only goods or items, it must seek that cash under § 853(p). Hurbace never obtained $345,000 "directly or indirectly, as the result of the commission of the offense giving rise to the forfeiture." 18 U.S.C. § 981(a)(2)(A). Nor is $345,000 traceable to any proceeds of his offense. And the government offers no briefing or argument of why it "has met the statutory criteria" necessary for substitute forfeiture. Fed. R. Crim. P. 32.2(b)(2)(A). Even if the issue were briefed, it is doubtful that the government could obtain $345,000 under § 853(p) because one criterion for substitute forfeiture is that the defendant caused the unavailability by his own act or omission. 21 U.S.C. § 853(p); *see also Gregoire*, 638 F.3d at 972 (substitute property

unavailable where government caused unavailability of proceeds). I deny without prejudice the government's motion for a money judgment based on the Roger Dubuis watch.[1]

2. $141,636.95 Money Judgment

I order a $136,636.95 money judgment against Hurbace. While the jury acquitted him of interstate transportation of stolen property based on his $141,636.95 purchase of his California house, the temporal proximity between the purchase and the robbery in Counts 1 and 2 is sufficient to prove a nexus by a preponderance of the evidence. The robbery occurred in approximately April 2012 and Hurbace purchased the property with cash in June of that year. ECF No. 216 at 50-54; Government Exhibits 15, 16 (documenting cash purchase). Most of those funds were more likely than not proceeds of the robbery. But the government has not rebutted Hurbace's ex-wife's testimony at trial that Hurbace borrowed $5,000 in legitimate funds to purchase the house, so I will credit him that amount. *See* ECF No. 252 at 16-17.

I THEREFORE ORDER that defendant Phillip D. Hurbace shall pay an in personam criminal forfeiture money judgment of $136,636.95 to the United States of America.

I FURTHER ORDER that on the government's motion, I may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e), 32.2(b)(2)(C).

---

[1] The fact that the watch was returned to its owners has no bearing on my decision because restitution and forfeiture are separate and serve different purposes, and a court may order a defendant to pay restitution and forfeiture in the same amounts. *See Newman*, 659 F.3d at 1241. The fact that Hurbace did not profit from the watch also has no bearing on my decision. *See* 18 U.S.C. § 981(a)(2)(A) (proceeds not limited to profits). Rather, I base my ruling on the fact that there is no evidence offered by the government that Hurbace ever derived $345,000 in proceeds from the watch.

I FURTHER ORDER the Clerk of Court to send copies of this order to all counsel of record, and send three certified copies to the United States Attorney's Office for the District of Nevada, Attention Asset Forfeiture Unit.

DATED this 29th day of June, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE