UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff<br><br>v.<br><br>PHILLIP D. HURBACE, et al.,<br><br>  Defendants | Case No.: 2:17-cr-00110-APG-DJA<br><br>**Order Denying Motion to Modify Preliminary Forfeiture Order as to Defendant Phillip D. Hurbace**<br><br>[ECF No. 340] |

I previously entered a preliminary forfeiture order against Phillip Hurbace in the amount of $136,636.95. ECF No. 320. In entering that order, I denied the United States' request for an additional $345,000 it sought to account for the value of a watch that Hurbace stole and transported. *Id.* at 3-5. The United States now asks me to revise that order to include the value of the watch. ECF No. 340. Because I see no reason to change my analysis in the prior order, I deny the motion.

The United States and I agree that the watch constitutes proceeds of Hurbace's crimes. ECF Nos. 320 at 3; 340 at 5. If the United States moved to forfeit the watch, I would grant that motion. But the United States instead moves to forfeit the value of the watch as a money judgment. As stated in my prior order, and as still remains true,

> The government cites no authority for the proposition that it can utilize the normal forfeiture process to obtain a money judgment for the value of proceeds rather than forfeiture of the actual proceeds. It appears $345,000 could be forfeitable "substitute property" under 21 U.S.C. § 853(p), which permits the forfeiture of substitute property if proceeds of a crime are unavailable. But the government seeks $345,000 via the forfeiture provisions of 18 U.S.C. § 981, not 21 U.S.C. § 853(p).

ECF No. 320 at 3. The current motion recognizes the difference between obtaining a forfeiture judgment and collecting it through substitute property. ECF No. 340 at 14. Yet

the United States continues to seek forfeiture of the value of the watch without citing cases to support that request.

The cases cited by the United States involved the theft of money.[1] The proceeds of those crimes was money, so a money forfeiture judgment was appropriate. Here, however, the proceeds of Hurbace's crimes was the watch. I would order the forfeiture of the watch, but Hurbace no longer has it and the United States does not request that. Money might be a substitute for the watch, but the United States does not move for money as substitute property and, as pointed out in my prior order, it may not be able to do so. *See* ECF No. 320 at 4. For the first time in its reply, the United States attempts to change direction and base its request for relief upon 21 U.S.C. § 853(p), which allows for forfeiture of substituted property. ECF No. 355 at 3-4. I decline that request. "The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). This principle is even more appropriate here because the United States, in its motion, specifically stated that "[b]ecause the government seeks a money judgment, it does not seek substitute property at this point, and Rule 32.2(e) and 21 U.S.C. § 853(p) do not yet apply." ECF No. 340 at 16. It would be unfair for me to address this argument without Hurbace having the chance to respond to it first. So I ignore this portion of the United States' reply brief.

The United States points out in its motion the difference between forfeiture and restitution. ECF No. 340 at 8-10. I recognized that difference in my order when I stated that

---

[1] In its reply, the United States relies heavily on *United States v. Valdez*, 911 F.3d 960 (9th Cir. 2018). That case involved forfeiture of ammunition that was smuggled from the United States into Mexico. *Id.* at 962. But in that case, "the government did not bring a civil forfeiture action. Instead, invoking 28 U.S.C. § 2461(c), the government sought criminal *forfeiture of the ammunition or, in the alternative, forfeiture of substitute property*." *Id.* at 964 (emphasis added). That substitution part is missing from the United States' effort here.

"[t]he fact that the watch was returned to its owners has no bearing on my decision because restitution and forfeiture are separate and serve different purposes, and a court may order a defendant to pay restitution and forfeiture in the same amounts." ECF No. 320 at 5 n.1. I likewise recognized that whether Hurbace profited from the sale of the watch (he did not) is irrelevant. *Id.* As I said then and I still maintain, the watch is the proceeds of Hurbace's crimes and there is no evidence offered by the government that Hurbace ever derived $345,000 in proceeds from the watch.

As with its original motion, the government still cites no authority for the proposition that it can utilize the normal forfeiture process to obtain a money judgment for the value of proceeds rather than forfeiture of the actual proceeds. Given that § 981(a)(2)(A) clearly defines proceeds as property "obtained" by a defendant, I construe the statute to permit forfeiture of the watch. The cash value of the watch might be substitute property, but the United States does not treat it as such. Hurbace never obtained $345,000 "directly or indirectly, as the result of the commission of the offense giving rise to the forfeiture." 18 U.S.C. § 981(a)(2)(A). Nor is $345,000 traceable to any proceeds of his offense.

I THEREFORE ORDER that the United States' motion to revise my prior preliminary forfeiture order **(ECF No. 340) is denied**.

DATED this 21st day of November, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE