UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>v.<br><br>SYLVIANE WHITMORE, et al.,<br><br>　　　　Defendants | Case No.: 2:17-cr-00110-APG-DJA<br><br>**Order Denying Sylviane Whitmore's Motion for Release Pending Appeal**<br><br>[ECF No. 532] |

Sylviane Whitmore has been convicted and sentenced to prison. She moves for an order allowing her to remain out of prison while her appeal is pending. ECF No. 532. The Government opposes. ECF No. 548.

Under 18 U.S.C. 3143(b), I must order Whitmore to prison unless I find:

(A) by clear and convincing evidence that she is not likely to flee or pose a danger to others; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, a new trial, or no prison sentence.

Whitmore bears the burden of proof on these findings.

Whitmore is not likely to flee or pose a danger to others. However, Whitmore has not shown a substantial question of law or fact that likely would result in reversal or a new trial.

Like the motion filed by her co-defendant Larry McDaniel, Whitmore's motion primarily relies on the alleged confession letter of Elliot Shaikin that was the subject of post-trial proceedings. The dubious and inadmissible nature of that new evidence, and the strength of the evidence presented at trial, confirm to me that reversal or a new trial are not likely.

Nor do the due process concerns raised in Whitmore's motion persuade me that a new trial is likely. The Supreme Court of the United States has recognized that "where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanistically to defeat the ends of justice." *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). But it made that statement in considering testimony that "bore persuasive assurances of trustworthiness and thus was well within the basic rationale of the exception for declarations against interest." *Id.* Here, such assurances are missing. Instead, I and the parties "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Id.*

Finally, while I am sympathetic to Whitmore's on-going health issues, they do not satisfy 18 U.S.C. 3143(b) or justify release pending an extended appeal period. It is up to the Bureau of Prisons to determine whether it can address Whitmore's medical problems. If it cannot, the Bureau can grant compassionate release or other remedies.

I THEREFORE ORDER that Whitmore's motion for release pending appeal **(ECF No. 532) is denied**.

DATED this 1st day of August, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE