**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

    Plaintiff

v.

SYLVIANE WHITMORE, et al.,

    Defendants

Case No.: 2:17-cr-00110-APG-DJA

**Order Regarding Restitution**

Defendants Phillip Hurbace and Sylviane Whitmore were convicted of charges arising from the 2012 robbery of a private security box business known as 24/7 Private Vaults. The Government seeks an order of restitution for the victims of that robbery.[1] Seven victims reported to law enforcement that they had suffered identifiable losses. The defendants do not contest that the seven claimants were actual victims, but they contest the amounts being sought. I conducted hearings on March 26 and May 1, 2024 and allowed the parties to file supplemental briefs. Below are my findings regarding restitution.

The Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, requires me to award restitution to the robbery victims. The Government has the burden of proving the amount of loss by a preponderance of the evidence. 18 U.S.C. § 3664(e); *United States v. Hymas*, 780 F.3d 1285, 1293 n.4 (9th Cir. 2015) (same).

**Bradley Burns**

The parties agree that Mr. Burns is entitled to restitution in the amount of $284,035. ECF Nos. 509 at 2, 519 at 6.

---

[1] Co-defendant Larry McDaniel was convicted of a different robbery at 24/7 Private Vaults but not the 2012 robbery. The Government does not seek restitution from him.

**Jeffrey Haeberlin**

Mr. Haeberlin claims the loss of a coin collection he had amassed over decades.  He requests $83,665.58 in restitution, which he contends is the 2024 value of the stolen coins. ECF No. 461-3 at 9-15.  The defendants argue he is entitled to only $52,015, the amount he claimed on a 2013 IRS Casualties and Thefts form. *Id.* at 16.  The MVRA requires restitution for the greater of the value of the property on the date of loss or the value on the date of sentencing. 18 U.S.C. § 3663A(b)(1)(B).  Thus, Haeberlin is entitled to $83,665.58 in restitution.

**Robert Wolfe**

Mr. Wolfe requests $456,200 in restitution. ECF Nos 461, 461-6.  He filed a police report on July 19, 2012 claiming he lost "between $250,000 - $300,000 . . . some random coins, documents and papers." ECF No. 461 at 4.  At the restitution hearing, Mr. Wolfe testified that the stolen funds came from a variety of sources: a settled insurance claim from 25-30 years ago, a 20-year-old jackpot he won, gambling winnings from 12-20 years before, another settled insurance claim from approximately 20 years ago, and proceeds from selling his insurance business approximately 16 years ago.  He admits that he did not put all of these proceeds into his vault over the years.

In 2015, Mr. Wolfe pleaded guilty to conspiracy to sell oxycodone and was sentenced to prison.  He had been engaged in this conspiracy before and after the 2012 robbery at 24/7 Private Vaults. ECF No. 509-4 at 20-22, 509-5.  He testified at the restitution hearing in this case that he put money and property into his vault to hide it from the federal government when it prosecuted him.  He admits he co-mingled his legitimate funds with the proceeds of his criminal activities.

"Where the property taken from the victim plainly was derived . . . from conduct determined by a court to be unlawful, although the MVRA does not explicitly limit the definition

2

of a victim on that basis, it may be appropriate to deny restitution." *United States v. Taylor*, No. CR CCB-17-106, 2021 WL 2930278, at *5 (D. Md. July 12, 2021), *aff'd,* 62 F.4th 146 (4th Cir. 2023) (citing *United States v. Martinez*, 978 F. Supp. 1442 (D.N.M. 1997)).  Mr. Wolfe's claim is dubious at best.  The amount he seeks is nearly double the amount he claimed in the police report he filed a few months after the robbery, but less than one-quarter of the amount he claimed when talking to undercover officers in 2013. ECF Nos. 461-6 at 4, 509-4 at 20-22.  The legitimately sourced funds he allegedly put in the vault were from many years prior, while the illegally gotten funds were obtained closer in time to the robbery.  Because of this timing, it is more likely that the stolen funds were illegal proceeds, rather than legitimate funds allegedly earned over the prior three decades.

> It is intuitively obvious that Congress did not intend to have the federal judiciary take the lead in rewarding, through restitution orders, persons robbed of monies they had obtained by unlawful means, especially where as a matter of policy, federal courts generally would not award those monies were they sought in a civil action.  This is especially true when the person who would benefit has violated federal laws.

*Martinez*, 978 F. Supp. at 1453.  Wolfe is not entitled to restitution for the stolen cash because it was likely obtained from his felonious activity.  However, I will order restitution in the amount of $156,200 for lost jewelry and coins that are not alleged to have been criminal proceeds. ECF No. 461-6 at 2-3.

**Todd Vowell**

Mr. Vowell seeks $867,400 in restitution for cash, coins, and precious metals. ECF No. 461-7.  The defendants' objection focuses on Mr. Vowell's activities with Jeremy Johnson, who was investigated and sued by the Federal Trade Commission (FTC).  That investigation resulted in an injunction and judgment against Jeremy Johnson and a criminal conviction in a separate

3

case. ECF No. 509-8. *See also Federal Trade Commission v. 249 Invs., LLC*, Case No. 2:10-cv-2203-MMD-GWF; ECF No. 1941 (8/26/16). Ms. Whitmore claims that Mr. Vowell obtained the stolen funds through Mr. Johnson, and the funds should have been disgorged to the FTC. ECF No. 509 at 10. The FTC, through its receiver, sued Mr. Vowell, and that lawsuit was eventually settled and dismissed. ECF Nos. 509-11, 509-12. The 24/7 Private Vault robbery occurred before Mr. Vowell was sued and nearly two years before the settlement.

The defendants ask me to follow *Martinez* and deny Mr. Vowell restitution because his funds were obtained illegally. In *Martinez*, the defendant robbed a casino that had been operating unlawfully. The court declined to order restitution. "An order of restitution, in addition to the other penalties imposed, would involve the court directly and intimately in returning ill-gotten funds. A court's participation in such an endeavor would, at the least, be unseemly. The federal courts should not be collection agents for scofflaws." 978 F.Supp. at 1454. But this case is more akin to *United States v. Taylor*, where a police officer was convicted of robbing alleged drug dealers and was ordered to pay restitution under the MVRA. 2021 WL 2930278, at *5. Contrary to the casino/victim in *Martinez*, it was not proven that Taylor's victims had engaged in illegal activity.

> Where the property taken from the victim plainly was derived, as it was in *Martinez*, from conduct determined by a court to be unlawful, . . . it may be appropriate to deny restitution. Where the record is less clear as to the source of the victim's property, however, the court must balance the policy consideration Taylor has raised with the clear statutory mandate to award restitution in the full amount of the victim's loss in order to both compensate the victim and to ensure that the offender realizes the damage caused by the offense and pays the debt owed to the victim as well as to society. . . . This dual restorative and penal purpose is not served by engaging in an exhaustive fact-finding mission into the victim's background, history, and source of income. . . . To do so would negate Congress's intent that restitution under the MVRA is mandatory and would create the impression that the consequences of a criminal act against a person who allegedly has engaged in unlawful conduct should be less serious simply because of the victim's status.

4

*Taylor*, 2021 WL 2930278, at *5 (simplified).

Mr. Vowell was not convicted of any crime related to the property that was stolen from his vault, and there is no indication he hid those assets from the receiver.  Thus, he is situated differently from Mr. Wolfe.  Indeed, Vowell's items were stolen two years before his FTC settlement, so they could not have been part of that settlement.  The documents submitted by Mr. Vowell support his claim. ECF No. 461-7.  He is entitled to restitution in the amount of $867,400.

### Kelly Carn

Mr. Carn seeks $47,700 for stolen cash, coins, vehicle titles, and collectible coins and bills. ECF No. 461-4.  Although he admits he put items in his vault to hide them from the Government while he was being prosecuted for weapons charges, he has not been convicted of any crime related to the property that was stolen from his vault. ECF No. 509-20, 509-21.  He has adequately supported his request with testimony and documentation.  He is entitled to restitution in the amount of $47,700.

### Carl Hurst

On May 9, 2012, Mr. Hurst reported to the police that he lost a coin collection and $10,000 in cash. ECF No. 461-2 at 3.  Mr. Hurst is now deceased but a claim for restitution was presented by his sister. ECF No. 461-2.  A family member may assume a deceased victim's rights under the MVRA. 18 U.S.C. § 3663A(a)(2).  It is unclear how much the coins were worth, but Mr. Hurst's sister has adequately supported the claim so Mr. Hurst's estate is entitled to $10,000 in restitution.

/ / / /

/ / / /

5

**Larry Corelli**

The Government produced a police report filed by Mr. Corelli claiming to have lost $30,000 in cash, some coins, and personal papers from the robbery. ECF No. 461-5.  This claim is properly supported so I will grant the request for restitution in the amount of $30,000.

I THEREFORE ORDER that defendants Phillip Hurbace and Sylviane Whitmore are ordered to pay restitution, jointly and severally, to the following victims:

>       Bradley Burns: $284,035
>
>       Jeffrey Haeberlin: $83,665.58
>
>       Robert Wolfe: $156,200
>
>       Todd Vowell: $867,400
>
>       Kelly Carn:  $47,700
>
>       Carl Hurst: $10,000
>
>       Larry Corelli: $30,000
>
>       **Total Restitution Amount: $1,479,000.58**

DATED this 6th day of August, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

6