AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 1
(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT
District of Nevada

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | |
| Phillip D. Hurbace | Case Number:  2:17-cr-00110-APG-DJA-1 |
| | USM Number:  54189-048 |
| **Date of Original Judgment:**  4/19/2024 | Osvaldo E. Fumo |
| *(Or Date of Last Amended Judgment)* | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)   1, 2, and 4 of the Superseding Criminal Indictment
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1951 | Conspiracy to Interfere with Commerce by Robbery | 4/14/2012 | 1 |
| 18:1951 and 2 | Interference with Commerce by Robbery; Aiding and Abetting | 4/14/2012 | 2 |
| 18:2314 | Interstate Transportation of Stolen Property | 4/14/2012 | 4 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   all remaining   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/6/2024
Date of Imposition of Judgment

Signature of Judge

ANDREW P. GORDON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

August 7, 2024
Date

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___2___ of ___7___

DEFENDANT:   Phillip D. Hurbace
CASE NUMBER:   2:17-cr-00110-APG-DJA-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
37 months, per count, concurrent.

☑   The court makes the following recommendations to the Bureau of Prisons:
  FMC Rochester - based upon health issues.

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

  ☐   at _____   ☐ a.m.   ☐ p.m.   on _____ .

  ☐   as notified by the United States Marshal.

☑   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☑   before 12 p.m. on   7/19/2024 - the surrender date was extended to October 15, 2024, per ECF No. 547.

  ☐   as notified by the United States Marshal.

  ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release                                              (NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___3___ of ___7___

DEFENDANT:  Phillip D. Hurbace
CASE NUMBER:  2:17-cr-00110-APG-DJA-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

3 years, per count, concurrent.

# MANDATORY CONDITIONS

1.     You must not commit another federal, state or local crime.
2.     You must not unlawfully possess a controlled substance.
3.     You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually..
   - ☑     The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑     You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑     You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐     You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐     You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT:   Phillip D. Hurbace
CASE NUMBER:   2:17-cr-00110-APG-DJA-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 3D — Supervised Release                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment—Page ___5___ of ___7___

DEFENDANT:   Phillip D. Hurbace
CASE NUMBER:   2:17-cr-00110-APG-DJA-1

## SPECIAL CONDITIONS OF SUPERVISION

1. Access to Financial Information – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

2. Debt Obligations – You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

3. No Contact – You must not communicate, or otherwise interact, with any codefendant, either directly or through someone else, without first obtaining the permission of the probation office.

4. Search and Seizure – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties                                                     (NOTE: Identify Changes with Asterisks (*))

Judgment — Page    6    of    7

DEFENDANT:   Phillip D. Hurbace
CASE NUMBER:   2:17-cr-00110-APG-DJA-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 300.00 | $ 1,479,000.58 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **(see attached order regarding restitution)** | | | |

| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/20)   Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments                                                                  (NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___7___ of ___7___

DEFENDANT:   Phillip D. Hurbace
CASE NUMBER:   2:17-cr-00110-APG-DJA-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑ Lump sum payment of $ ___1,479,300.58___ due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance with ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

    It is further recommended that any unpaid balance shall be paid at a monthly rate of not less than 10% of any income earned during incarceration and/or gross income while on supervision, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate. |
|---|---|---|---|

**2:17-cr-00110-APG-DJA- 1 Phillip Hurbace and**

**2:17-cr-00110-APG-DJA-3 Sylviane Whitmore are ordered to pay restitution, jointly and severally, in the**

**amount of $1,479,000.58.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
  (see attached final order of forfeiture)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

1
2
3
4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

5

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-CR-110-APG-DJA |
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| PHILLIP D. HURBACE, | |
| Defendant. | |

6
7
8
9
10

11      This Court found that Phillip D. Hurbace shall pay the in personam criminal

12  forfeiture money judgment of $136,636.95 under Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18

13  U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p).[1]

14      This Court finds that on the government's motion, the Court may at any time enter

15  an order of forfeiture or amend an existing order of forfeiture to include subsequently

16  located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

17      The in personam criminal forfeiture money judgment amount of $136,636.95

18  complies with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581

19  U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v.*

20  *Prasad*, 18 F.4th 313 (9th Cir. 2021).

21  **Substitution and Forfeiture**

22      On November 17, 2023, the United States filed a Motion to Substitute and to Forfeit

23  Phillip D. Hurbace's 1055 Mountain Quail Road property (Motion to Substitute).[2]

24

25  [1] Superseding Criminal Indictment, ECF No. 8; Jury Verdict, ECF No. 225; Minutes of
Jury Trial, ECF No. 229; Preliminary Forfeiture Order, ECF No. 320.

26  [2] 1055 Mountain Quail Road, Calpine, California 96124, more particularly described as:
PARCEL 3, AS SHOWN ON THE PARCEL MAP FOR W. ASTLE, FILED MAY 19,

27  1977, IN BOOK 5 OF MAPS AND SURVEYS, AT PAGE 46, SIERRA COUNTY
RECORDS, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES

28  THEREON; APN: 012-090-079-0 (Mountain Quail); Motion to Substitute, ECF No. 367.

On December 7, 2023, the Court granted the Motion to Substitute.[3]

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from December 9, 2023, through January 7, 2024, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication Exhibits, ECF No. 406-1, p. 5.

This Court finds the United States notified known third parties by personal service or by regular mail and certified mail return receipt requested of their right to petition the Court. Notice of Filing Service of Process – Personal Service (SOP-PS), ECF No. 417; Notice of Filing Service of Process – Mailing (SOP-M), ECF No. 422.

On January 8, 2024, the Internal Revenue Service-CI (IRS) personally served Bradley Burns and Lori Burns with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 3, 24-29.

On January 12, 2024, the IRS personally served Kelly Douglas Card (Or Carn, Jr.) with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 4, 24-29.

On January 8, 2024, the IRS attempted to personally serve Larry Dean Coralli with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 5, 24-29.

On January 11, 2024, the IRS personally served Jeffrey Haeberlin with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 6, 24-29.

On January 11, 2024, the IRS personally served Nicole Hurbace / Nicole Gaudioso with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 7, 24-29.

On January 12, 2024, the IRS personally served Phillip D. Hurbace with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 8, 31-36.

---

[3] Substitution and Forfeiture Order, ECF No. 374.

On January 12, 2024, the IRS personally served Osvaldo E. Fumo, Attorney for Phillip D. Hurbace, with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 9, 24-29.

On January 11, 2024, the IRS personally served Vicki Hurbace with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 10, 24-29.

On January 16, 2024, the IRS attempted to personally serve Carl Kenneth Hurst with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p.11, 24-29.

On January 12, 2024, the IRS personally served Gloria Rodney with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 12, 31-36.

On January 12, 2024, the IRS attempted to personally serve Melinda Sebasovich with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 13, 24-29.

On January 16, 2024, the IRS personally served Kerin Schroeder with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 14, 24-29.

On January 12, 2024, the IRS personally served Perry Stasi with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 15, 24-29.

On January 8, 2024, the IRS personally served Sylviane Della Whitmore with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 16, 24-29.

On January 16, 2024, the IRS personally served Lisa A. Rasmussen, Attorney for Sylviane Della Whitmore, with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 17, 24-29.

On January 18, 2024, the IRS personally served Robert Leroy Wolfe (or Kaufman) with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 18, 24-29.

/ / /

/ / /

3

On January 12, 2024, the IRS personally served Sandra Groven, Sierra County District Attorney, with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 19, 31-36.

On January 12, 2024, the IRS personally served Laura Marshall, Sierra County Assessor, with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 20, 31-36.

On January 12, 2024, the IRS personally served Heather Foster, Sierra County Clerk and Recorder, with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 21, 31-36.

On January 12, 2024, the IRS personally served Van Maddox, Sierra County Treasurer, with copies of the Substitution and Forfeiture Order and the Notice. SOP-PS, ECF No. 417-1, p. 31-36.

On January 5, 2024, the United States Attorney's Office served and attempted to serve Bradley Burns and Lori Burns by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. The certified mail was returned as unclaimed. The regular mail was not returned. SOP-M, ECF No. 422-1, p. 3, 10-20.

On January 5, 2024, the United States Attorney's Office served Kelly Douglas Card (or Carn, Jr.) on Eastern Ave. by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 3, 10-16, 21-22.

On January 5, 2024, the United States Attorney's Office served and attempted to serve Kelly Douglas Card (or Carn, Jr.) on Radcliff Street by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. The certified mail was returned as unclaimed. The regular mail was not returned. SOP-M, ECF No. 422-1, p. 3, 10-16, 23-25.

On January 5, 2024, the United States Attorney's Office served Brent Lee Coralli by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 3, 10-16, 26-28.

On January 5, 2024, the United States Attorney's Office attempted to serve Larry Dean Coralli by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. Both mailings were returned as attempted – not known, unclaimed, and unable to forward. SOP-M, ECF No. 422-1, p. 3, 10-16, 29-31.

On January 5, 2024, the United States Attorney's Office served the Estate of Larry Dean Coralli, c/o Brent Lee Coralli, by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 3, 10-16, 32-33.

On January 5, 2024, the United States Attorney's Office served Lucia Garanin or Costin or Aranin or Yaramin at 225th Avenue by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 4, 10-16, 34-35.

On January 5, 2024, the United States Attorney's Office served Lucia Garanin or Costin or Aranin or Yaramin at Highlands Drive NE by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 4, 10-16, 36-37.

On January 5, 2024, the United States Attorney's Office served and attempted to serve Jeffrey Haeberlin by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. The certified mail was returned as unclaimed. The regular mail was not returned. SOP-M, ECF No. 422-1, p. 4, 10-16, 38-40.

On January 5, 2024, the United States Attorney's Office served Nicole Hurbace / Nicole Gaudioso at Moonlight View Ct. by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 4, 10-16, 41-42.

On January 5, 2024, the United States Attorney's Office served Nicole Hurbace / Nicole Gaudioso at Reynolds Ave. by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 4, 10-16, 43-44.

On January 5, 2024, the United States Attorney's Office attempted to serve Nicole Hurbace / Nicole Gaudioso at Chestnut Ridge Cir. by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. Both mailings were returned. SOP-M, ECF No. 422-1, p. 4, 10-16, 45-47.

On January 5, 2024, the United States Attorney's Office served and attempted to serve Nicole Hurbace / Nicole Gaudioso at Ten Gallon Ct. by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. The certified mail was returned attempted – not known. The regular mail was not returned. SOP-M, ECF No. 422-1, p. 4, 10-16, 48-50.

On January 5, 2024, the United States Attorney's Office served and attempted to serve Phillip D. Hurbace at 1055 Mountain Quail Rd. by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. The certified mail was returned as unclaimed. The regular mail was not returned. SOP-M, ECF No. 422-1, p. 4, 10-16, 51-53.

On January 5, 2024, the United States Attorney's Office served and attempted to serve Phillip D. Hurbace at 1035 Mountain Quail Rd. by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. The certified mail was returned as unclaimed. The regular mail was not returned. SOP-M, ECF No. 422-1, p. 5, 10-16, 54-56.

On January 5, 2024, the United States Attorney's Office served and attempted to serve Phillip Hurbace at Oakhill Ave. by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. The certified mail was returned as unclaimed. The regular mail was not returned. SOP-M, ECF No. 422-1, p. 5, 10-16, 57-59.

On January 5, 2024, the United States Attorney's Office served Pitaro & Fumo, Chtd., Osvaldo E. Fumo, Attorney for Phillip D. Hurbace, by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 5, 10-16, 60-61.

/ / /

On January 5, 2024, the United States Attorney's Office served Vicki Hurbace by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 5, 10-16, 62-63.

On January 5, 2024, the United States Attorney's Office served and attempted to serve Carl Kenneth Hurst by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. The certified mail was returned as attempted – not known. The regular mail was not returned. SOP-M, ECF No. 422-1, p. 5, 10-16, 64-66.

On January 5, 2024, the United States Attorney's Office served The Estate of Carl Kenneth Hurst, c/o Teresa Hurst, by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 5, 10-16, 67-68.

On January 5, 2024, the United States Attorney's Office served Teresa Hurst by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 5, 10-16, 69-70.

On January 5, 2024, the United States Attorney's Office served and attempted to serve Gloria Rodney at 1055 Mountain Quail Rd. by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. The certified mail was returned as unclaimed. The regular mail was not returned. SOP-M, ECF No. 422-1, p. 5, 10-16, 71-73.

On January 5, 2024, the United States Attorney's Office served and attempted to serve Gloria Rodney at PO Box 284 by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. The certified mail was returned as unclaimed. The regular mail was not returned. SOP-M, ECF No. 422-1, p. 6, 10-16, 74-76.

On January 5, 2024, the United States Attorney's Office served Kerin Schroeder by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 6, 10-16, 77-78.

On January 5, 2024, the United States Attorney's Office served and attempted to serve Melinda Sebasovich at Lake Julia Drive by regular and certified return receipt mail

with the Substitution and Forfeiture Order and the Notice. The USPS has the certified mail as moving through network since January 15, 2024. Neither mailing was returned. Lexis Public Records, Westlaw Public Records, and Accurint all list this location as her current location. SOP-M, ECF No. 422-1, p. 6, 10-16, 79-82.

On January 5, 2024, the United States Attorney's Office attempted to serve Melinda Sebasovich at 6th Street by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. Both mailings were returned as not deliverable as addressed, unable to forward. SOP-M, ECF No. 422-1, p. 10-16, 83-86. Notice of Modification, ECF Nos. 423, p. 2 and 423-1, p. 5.

On January 5, 2024, the United States Attorney's Office attempted to serve Melinda Sebasovich at Stephanie St. by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. Both mailings were returned as attempted – not known. SOP-M, ECF No. 422-1, p. 6, 10-16, 87-89.

On January 5, 2024, the United States Attorney's Office attempted to serve Melinda Sebasovich at Paradise Rd. by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. Both mailings were returned. SOP-M, ECF No. 422-1, p. 6, 10-16, 90-92.

On January 5, 2024, the United States Attorney's Office served Peri Stasi at Anthem Village Dr. by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 6, 10-16, 93-94.

On January 5, 2024, the United States Attorney's Office served Peri Stasi at Villa Rica Drive by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 7, 10-16, 95-98.

On January 5, 2024, the United States Attorney's Office served and attempted to serve Peri Stasi at Canvas Edge Dr. by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. The certified mail was returned as insufficient address. The regular mail was not returned. SOP-M, ECF No. 422-1, p. 7, 10-16, 99-101.

On January 5, 2024, the United States Attorney's Office served Todd Vowell at E 2580 S by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 7, 10-16, 102-103.

On January 5, 2024, the United States Attorney's Office served and attempted to serve Todd Vowell at Bluff St. by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. The certified mail was delivered. The regular mail was returned as not deliverable as addressed. SOP-M, ECF No. 422-1, p. 7, 10-16, 104-106.

On January 5, 2024, the United States Attorney's Office served Sylviane Della Whitmore by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 7, 10-16, 107-108.

On January 5, 2024, the United States Attorney's Office served The Law Offices of Kristina Wildeveld & Assoc., Lisa Rasmussen, Attorney for Sylviane Della Whitmore, by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 7, 10-16, 109-110.

On January 5, 2024, the United States Attorney's Office served Robert Leroy Wolfe (or Kaufman) at Chapelle Ct. by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 7, 10-16, 111-112.

On January 5, 2024, the United States Attorney's Office served Robert Leroy Wolfe (or Kaufman) at Grand Canyon Dr. by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 7, 10-16, 113-114.

On January 5, 2024, the United States Attorney's Office attempted to serve Robert Leroy Wolfe (or Kaufman) at Spring Shower Drive by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. Both mailings were returned as no such number. SOP-M, ECF No. 422-1, p. 8, 10-16, 115-117.

/ / /

On January 5, 2024, the United States Attorney's Office served Laura Marshall, Sierra County Assessor, by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 8, 10-16, 118-119.

On January 5, 2024, the United States Attorney's Office served Heather Foster, Sierra County Clerk and Sierra County Recorder, by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 8, 10-16, 120-121.

On January 5, 2024, the United States Attorney's Office served Sandra Groven, Sierra County District Attorney, by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 8, 10-16, 122-123.

On January 5, 2024, the United States Attorney's Office served Van Maddox, Sierra County Treasurer, by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 8, 10-16, 124-125.

On January 22, 2024, the United States Attorney's Office served Deborah Mayers by regular and certified return receipt mail with the Substitution and Forfeiture Order and the Notice. SOP-M, ECF No. 422-1, p. 8, 10-16, 126-128.

On February 5, 2024, Bradley Burns filed a Claim on Mountain Quail, ECF No. 416. On February 8, 2024, Bradley Burns withdrew his claim, ECF No. 419.

This Court finds no other petition as to Phillip D. Hurbace was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions as to Phillip D. Hurbace are pending regarding the substitute property named herein and the time has expired for presenting such petitions.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States recover from Phillip D. Hurbace the in personam criminal forfeiture money judgment of $136,636.95, not to be held jointly and severally liable with any codefendants; and

/ / /

that all possessory rights, ownership rights, and all rights, titles, and interests in the substitute property hereinafter described are condemned, forfeited, and vested in the United States:

1. Real property located at 1055 Mountain Quail Road, Calpine, California 96124, more particularly described as:

   PARCEL 3, AS SHOWN ON THE PARCEL MAP FOR W. ASTLE, FILED MAY 19, 1977, IN BOOK 5 OF MAPS AND SURVEYS, AT PAGE 46, SIERRA COUNTY RECORDS, TOGETHER WITH ALL IMPROVEMENTS AND APPURTENANCES THEREON; APN: 012-090-079-0

(all of which constitutes substitute property), which the net proceeds after costs and expenses will be applied towards the criminal forfeiture money judgment; and

the forfeiture of the money judgment and the substitute property is imposed under Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); Fed. R. Crim. P. 32.2(c)(2); under Fed. R. Crim. P. 32.2(b)(4)(A) and (b)(4)(B); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 21 U.S.C. § 853(p); and 21 U.S.C. § 853(n)(7); that the money judgment shall be collected; and that the substitute property and the collected amount shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that under Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n)(7), all possessory rights, ownership rights, and all rights, titles, and interests in the real property are extinguished and are not recognized as to Phillip D. Hurbace, Larry Anthony McDaniel, Sylviane Della Whitmore, all third parties, and the following individuals and entities:

1. Nicole Hurbace / Nicole Gaudioso, Vicki Hurbace, and Gloria Rodney;

2. Bradley Burns and Lori Burns, Kelly Douglas Card (Or Carn, Jr.), Larry Dean Coralli, Estate of Larry Dean Coralli, Brent Lee Coralli, Lucia Garanin or Costin or Aranin or Yaramin, Jeffrey Haeberlin, Carl Kenneth Hurst, The Estate of Carl Kenneth Hurst, Teresa Hurst, Deborah Mayers, Kerin Schroeder, Melinda Sebasovich, Perry Stasi, Todd Vowell, Robert Leroy Wolfe (or Kaufman); and

3. Sierra County, California, including the Sierra County Assessor, Clerk, Recorder, District Attorney, and Treasurer.

11

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States may market the substitute property notwithstanding any third party's name on the deed/title and the title company shall provide clear title on behalf of the United States for the sale of the forfeited property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the government's management of any substitute property forfeited herein, and the proceeds from the sale of any forfeited substitute property shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED   April 19            , 2024.


_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

    Plaintiff

v.

SYLVIANE WHITMORE, et al.,

    Defendants

Case No.: 2:17-cr-00110-APG-DJA

**Order Regarding Restitution**

    Defendants Phillip Hurbace and Sylviane Whitmore were convicted of charges arising from the 2012 robbery of a private security box business known as 24/7 Private Vaults.  The Government seeks an order of restitution for the victims of that robbery.[1]  Seven victims reported to law enforcement that they had suffered identifiable losses.  The defendants do not contest that the seven claimants were actual victims, but they contest the amounts being sought.  I conducted hearings on March 26 and May 1, 2024 and allowed the parties to file supplemental briefs.  Below are my findings regarding restitution.

    The Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, requires me to award restitution to the robbery victims.  The Government has the burden of proving the amount of loss by a preponderance of the evidence. 18 U.S.C. § 3664(e); *United States v. Hymas*, 780 F.3d 1285, 1293 n.4 (9th Cir. 2015) (same).

    **Bradley Burns**

    The parties agree that Mr. Burns is entitled to restitution in the amount of $284,035. ECF Nos. 509 at 2, 519 at 6.

---

[1] Co-defendant Larry McDaniel was convicted of a different robbery at 24/7 Private Vaults but not the 2012 robbery.  The Government does not seek restitution from him.

**Jeffrey Haeberlin**

Mr. Haeberlin claims the loss of a coin collection he had amassed over decades.  He requests $83,665.58 in restitution, which he contends is the 2024 value of the stolen coins. ECF No. 461-3 at 9-15.  The defendants argue he is entitled to only $52,015, the amount he claimed on a 2013 IRS Casualties and Thefts form. *Id.* at 16.  The MVRA requires restitution for the greater of the value of the property on the date of loss or the value on the date of sentencing. 18 U.S.C. § 3663A(b)(1)(B).  Thus, Haeberlin is entitled to $83,665.58 in restitution.

**Robert Wolfe**

Mr. Wolfe requests $456,200 in restitution. ECF Nos 461, 461-6.  He filed a police report on July 19, 2012 claiming he lost "between $250,000 - $300,000 . . . some random coins, documents and papers." ECF No. 461 at 4.  At the restitution hearing, Mr. Wolfe testified that the stolen funds came from a variety of sources: a settled insurance claim from 25-30 years ago, a 20-year-old jackpot he won, gambling winnings from 12-20 years before, another settled insurance claim from approximately 20 years ago, and proceeds from selling his insurance business approximately 16 years ago.  He admits that he did not put all of these proceeds into his vault over the years.

In 2015, Mr. Wolfe pleaded guilty to conspiracy to sell oxycodone and was sentenced to prison.  He had been engaged in this conspiracy before and after the 2012 robbery at 24/7 Private Vaults. ECF No. 509-4 at 20-22, 509-5.  He testified at the restitution hearing in this case that he put money and property into his vault to hide it from the federal government when it prosecuted him.  He admits he co-mingled his legitimate funds with the proceeds of his criminal activities.

"Where the property taken from the victim plainly was derived . . . from conduct determined by a court to be unlawful, although the MVRA does not explicitly limit the definition

2

of a victim on that basis, it may be appropriate to deny restitution." *United States v. Taylor*, No. CR CCB-17-106, 2021 WL 2930278, at *5 (D. Md. July 12, 2021), *aff'd*, 62 F.4th 146 (4th Cir. 2023) (citing *United States v. Martinez*, 978 F. Supp. 1442 (D.N.M. 1997)).  Mr. Wolfe's claim is dubious at best.  The amount he seeks is nearly double the amount he claimed in the police report he filed a few months after the robbery, but less than one-quarter of the amount he claimed when talking to undercover officers in 2013. ECF Nos. 461-6 at 4, 509-4 at 20-22.  The legitimately sourced funds he allegedly put in the vault were from many years prior, while the illegally gotten funds were obtained closer in time to the robbery.  Because of this timing, it is more likely that the stolen funds were illegal proceeds, rather than legitimate funds allegedly earned over the prior three decades.

> It is intuitively obvious that Congress did not intend to have the federal judiciary take the lead in rewarding, through restitution orders, persons robbed of monies they had obtained by unlawful means, especially where as a matter of policy, federal courts generally would not award those monies were they sought in a civil action.  This is especially true when the person who would benefit has violated federal laws.

*Martinez*, 978 F. Supp. at 1453.  Wolfe is not entitled to restitution for the stolen cash because it was likely obtained from his felonious activity.  However, I will order restitution in the amount of $156,200 for lost jewelry and coins that are not alleged to have been criminal proceeds. ECF No. 461-6 at 2-3.

**Todd Vowell**

Mr. Vowell seeks $867,400 in restitution for cash, coins, and precious metals. ECF No. 461-7.  The defendants' objection focuses on Mr. Vowell's activities with Jeremy Johnson, who was investigated and sued by the Federal Trade Commission (FTC).  That investigation resulted in an injunction and judgment against Jeremy Johnson and a criminal conviction in a separate

1  case. ECF No. 509-8. *See also Federal Trade Commission v. 249 Invs., LLC*, Case No. 2:10-cv-

2  2203-MMD-GWF; ECF No. 1941 (8/26/16).  Ms. Whitmore claims that Mr. Vowell obtained the

3  stolen funds through Mr. Johnson, and the funds should have been disgorged to the FTC. ECF

4  No. 509 at 10.  The FTC, through its receiver, sued Mr. Vowell, and that lawsuit was eventually

5  settled and dismissed. ECF Nos. 509-11, 509-12.  The 24/7 Private Vault robbery occurred

6  before Mr. Vowell was sued and nearly two years before the settlement.

7        The defendants ask me to follow *Martinez* and deny Mr. Vowell restitution because his

8  funds were obtained illegally.  In *Martinez*, the defendant robbed a casino that had been

9  operating unlawfully.  The court declined to order restitution.  "An order of restitution, in

10  addition to the other penalties imposed, would involve the court directly and intimately in

11  returning ill-gotten funds.  A court's participation in such an endeavor would, at the least, be

12  unseemly.  The federal courts should not be collection agents for scofflaws." 978 F.Supp. at

13  1454.  But this case is more akin to *United States v. Taylor*, where a police officer was convicted

14  of robbing alleged drug dealers and was ordered to pay restitution under the MVRA. 2021 WL

15  2930278, at *5.  Contrary to the casino/victim in *Martinez*, it was not proven that Taylor's

16  victims had engaged in illegal activity.

> Where the property taken from the victim plainly was derived, as it was in
> *Martinez*, from conduct determined by a court to be unlawful, . . . it may be
> appropriate to deny restitution.  Where the record is less clear as to the source of
> the victim's property, however, the court must balance the policy consideration
> Taylor has raised with the clear statutory mandate to award restitution in the full
> amount of the victim's loss in order to both compensate the victim and to ensure
> that the offender realizes the damage caused by the offense and pays the debt
> owed to the victim as well as to society. . . .  This dual restorative and penal
> purpose is not served by engaging in an exhaustive fact-finding mission into the
> victim's background, history, and source of income. . . .  To do so would negate
> Congress's intent that restitution under the MVRA is mandatory and would create
> the impression that the consequences of a criminal act against a person who
> allegedly has engaged in unlawful conduct should be less serious simply because
> of the victim's status.

*Taylor*, 2021 WL 2930278, at *5 (simplified).

Mr. Vowell was not convicted of any crime related to the property that was stolen from his vault, and there is no indication he hid those assets from the receiver.  Thus, he is situated differently from Mr. Wolfe.  Indeed, Vowell's items were stolen two years before his FTC settlement, so they could not have been part of that settlement.  The documents submitted by Mr. Vowell support his claim. ECF No. 461-7.  He is entitled to restitution in the amount of $867,400.

**Kelly Carn**

Mr. Carn seeks $47,700 for stolen cash, coins, vehicle titles, and collectible coins and bills. ECF No. 461-4.  Although he admits he put items in his vault to hide them from the Government while he was being prosecuted for weapons charges, he has not been convicted of any crime related to the property that was stolen from his vault. ECF No. 509-20, 509-21.  He has adequately supported his request with testimony and documentation.  He is entitled to restitution in the amount of $47,700.

**Carl Hurst**

On May 9, 2012, Mr. Hurst reported to the police that he lost a coin collection and $10,000 in cash. ECF No. 461-2 at 3.  Mr. Hurst is now deceased but a claim for restitution was presented by his sister. ECF No. 461-2.  A family member may assume a deceased victim's rights under the MVRA. 18 U.S.C. § 3663A(a)(2).  It is unclear how much the coins were worth, but Mr. Hurst's sister has adequately supported the claim so Mr. Hurst's estate is entitled to $10,000 in restitution.

////

////

5

**<u>Larry Corelli</u>**

The Government produced a police report filed by Mr. Corelli claiming to have lost $30,000 in cash, some coins, and personal papers from the robbery. ECF No. 461-5.  This claim is properly supported so I will grant the request for restitution in the amount of $30,000.

I THEREFORE ORDER that defendants Phillip Hurbace and Sylviane Whitmore are ordered to pay restitution, jointly and severally, to the following victims:

Bradley Burns: $284,035

Jeffrey Haeberlin: $83,665.58

Robert Wolfe: $156,200

Todd Vowell: $867,400

Kelly Carn:  $47,700

Carl Hurst: $10,000

Larry Corelli: $30,000

**Total Restitution Amount: $1,479,000.58**

DATED this 6th day of August, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

AO 245C (Rev. 09/20) Criminal Judgment
Sheet 8 — Reason for Amendment

Not for Public Disclosure

DEFENDANT:     Phillip D. Hurbace
CASE NUMBER:     2:17-cr-00110-APG-DJA-1
DISTRICT:          District of Nevada

# REASON FOR AMENDMENT
**(Not for Public Disclosure)**

**REASON FOR AMENDMENT:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R.Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R.Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s)to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant to
   ☐ 28 U.S.C. § 2255 or      ☐ 18 U.S.C. § 3559(c)(7)

☑ Modification of Restitution Order (18 U.S.C. § 3664)