UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>v.<br><br>PHILLIP D. HURBACE,<br><br>　　　　Defendant | Case No.: 2:17-cr-00110-APG-DJA<br><br>**Order Denying Motions for New Trial and to Compel Discovery and Trial Transcripts**<br><br>[ECF Nos. 574, 583, 584, 588] |

    Phillip Hurbace moves for a new trial based on allegedly newly discovered evidence and the Government's abuse of power. ECF Nos. 574, 584.  Federal Rule of Criminal Procedure 33(a) allows a judge to "vacate any judgment and grant a new trial if the interest of justice so requires."[1]  "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1).  "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).  The jury convicted Hurbace on June 29, 2021. ECF Nos. 225, 229.  Hurbace filed his motions for a new trial on December 12, 2024 and January 27, 2025, more than three years after the guilty verdict.  Thus, the motions are untimely.  Hurbace offers no reason, let alone anything resembling excusable neglect, to justify extending those deadlines. Fed. R. Crim. P. 45(b)(1)(b).

---

[1] Hurbace's motion cites to Federal Rule of Civil Procedure 60(b). ECF No. 574 at 1.  The Civil Rules do not apply to criminal cases.  Rather, Hurbace's motion is properly considered under Federal Rule of Criminal Procedure 33.

Even overlooking this fatal defect, Hurbace's motions do not offer sufficient reasons to grant him a new trial. To prevail on a motion for a new trial based on newly discovered evidence, the defendant must satisfy a five-part test:

(1) the evidence must be newly discovered;

(2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part;

(3) the evidence must be material to the issues at trial;

(4) the evidence must be neither cumulative nor merely impeaching; and

(5) the evidence must indicate that a new trial would probably result in acquittal.

*United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991).

Hurbace's motion fails on most of these prongs. He does not explain when or how he discovered this allegedly new evidence or why he could not have discovered it sooner. To the contrary, it appears most of his allegations relate to facts he learned while working at 24/7 Private Vaults before the burglaries. For instance, he cites to burglaries committed by his co-defendant Sylviane Della Whitmore in 2009, 2012, and 2014. ECF No. 574 at 10. Hurbace clearly knew about this evidence before and during trial. He also claims he saw me enter 24/7 Private Vaults on numerous occasions. *Id.* at 20. And he claims the Government had "personal knowledge" that he was not read "his Miranda Warnings during the course of arrest and custodial interrogation due to FBI Agents repeatedly 'coercion' (sic) Phillip D. Hurbace into believing in his attorney was on his way." ECF No. 584 at 2. Hurbace again would have known about all this evidence before trial, so it is not newly discovered.

Hurbace also alleges that his trial counsel "is guilty of withholding of valuable digital evidence and favorable evidence" that Hurbace wanted to present at trial. ECF No. 574 at 3. *See*

*also id.* at 9 (alleging Hurbace "asked Attorney Osvaldo E. Fumo to bring this information presented in this Motion to the Court[']s attention for reduction [of] sentence under mitigate (sic) of the sentence"). Hurbace knew about this evidence at trial and sentencing, so it is not newly discovered. And the Ninth Circuit has held that "[n]ewly discovered evidence of ineffective assistance of counsel does not directly fit the requirements that the evidence be material to the issues involved[] and indicate that a new trial probably would produce an acquittal." *United States v. Hanoum*, 33 F.3d 1128, 1130 (9th Cir. 1994). Rather, allegations against counsel should be raised in a habeas corpus petition. *Id*. at 1131.

       Hurbace's other allegations are not credible. For instance, he contends that I am "a VIP JUDGE at Sovereign Security Systems (doing business as 24/7 Private Vaults direct access)," that I "had a personal safety deposit box holding approximately $2,000,000 in U.S. Currency" at 24/7 Private Vaults, and that I "made multiple admission[s] to defense counsel Osvaldo E. Fumo, and Federal Prosecutors of [my] involvement with Sovereign Security Systems personal (sic) dealings outside business hour duty in regards to 'U.S. Currency over $1,500,000' . . . ." ECF No. 574 at 4, 7, 16. Hurbace offers no evidence to support these fantastical allegations because none exists. Although unnecessary, in order to avoid any suggestion I admit these delusions, I confirm that I have never been a customer of or visitor to 24/7 Private Vaults and never had ownership of or access to any of its vaults.

       Perhaps most importantly, Hurbace's allegations do not indicate that a new trial would result in his acquittal. The jury's verdicts were supported by substantial evidence against Hurbace. His current allegations do not overcome that evidence. Because Hurbace has not sustained his burden under Rule 33, I deny his motion for a new trial.

Hurbace also filed two nearly identical motions to "comply" the Government and the court to produce trial transcripts and discovery. ECF Nos. 583, 588.[2] He does not explain why he cannot obtain these materials from his trial or appellate counsel. Regardless, under 28 U.S.C. § 753(f), I am "not authorized to order payment for transcripts before a defendant has filed a [28 U.S.C.] section 2255 motion raising non-frivolous issues which require a transcript for judicial review." *United States v. Freeman*, No. 94-10092, 50 F.3d 17, 1995 WL 82683, at *1 (9th Cir. Mar. 1, 1995). And post-conviction defendants have "no general right to discovery." *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999). I deny Hurbace's motions to compel discovery and trial transcripts.

I THEREFORE ORDER that Phillip Hurbace's motions for new trial **(ECF Nos. 574, 584)** and motions to compel discovery **(ECF Nos. 583, 588) are denied**.

DATED this 30th day of July, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The only difference is that the first-filed version (ECF No. 583) omits the second page of the second-filed version (ECF No. 588).